**Joe Grady MURRAH,**
**Petitioner-Appellant,**

v.

**UNITED STATES of America,**
**Respondent-Appellee.**

No. 74–2634
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Jan. 30, 1975.

Joe Grady Murrah, pro se.

Roby Hadden, U. S. Atty., Tyler, Tex., Dennis R. Lewis, Asst. U. S. Atty., Beaumont, Tex., for respondent-appellee.

Before GEWIN, GODBOLD and CLARK, Circuit Judges.

PER CURIAM:

Joe Grady Murrah appeals from the dismissal of his 28 U.S.C. § 2255 motion to vacate sentence and from the denial of his application for appointment of counsel to represent him on this appeal. The appellant basically contends that (1) he was denied effective trial counsel, (2) his indictment was faulty, (3) he was erroneously denied a preliminary hearing, and (4) the district court erred, in light of Wedding v. Wingo, 483 F.2d 1131 (6th Cir. 1973), aff'd 418 U.S. 461, 94 S.Ct. 2842, 41 L.Ed.2d 879 (1974), in following a United States Magistrate's recommendation that no evidentiary hearing be held on the § 2255 motion.

A careful examination of the record indicates to us that the first three contentions are totally without merit and that denial of counsel was appropriate. Appellant's reliance on Wingo v. Wedding is also ill founded. Wingo v. Wedding stands for the proposition that in the event an evidentiary hearing is held, the Federal Magistrates Act of 1968, 28 U.S.C. §§ 631–639 (Supp.1973) demands that a district judge personally hear the evidence. There is, however, nothing in Wedding v. Wingo which prevents a federal magistrate from preliminarily reviewing applications for post-trial relief and submitting recommendations as to whether there should be a hearing. In fact, the Federal Magistrates Act explicitly allows magistrates to assume that responsibility and Wedding v. Wingo quite clearly supports the exercise of that authority by magistrates.

Judgment affirmed.

* Rule 18, 5th Cir. See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.